UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY L. TROUPE,

                Plaintiff,

v.                                       Case No. 22-cv-853-pp

CAVALIER JOHNSON,
and DORIAN A. HIGGINS,

                Defendants.

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER AND FILE TRUST ACCOUNT STATEMENT AND DENYING AS MOOT PLAINTIFF'S MOTION TO CONSOLIDATE CASES (DKT. NO. 11)**

       The plaintiff, Anthony L. Troupe, who is currently incarcerated at the Milwaukee County House of Correction, filed a civil complaint along with a motion for leave to proceed without prepaying the filing fee. Dkt. Nos. 1, 2. On July 28, 2022, a deputy clerk sent the plaintiff a letter instructing him to file a certified copy of his institutional trust account statement for the past six months. Dkt. No. 3. On August 2, 2022, the court received from the plaintiff a letter titled "Prisoner trust account statement" that states that the plaintiff "[w]as released when mailing was received in jail. Indigent commissary to be intended as statement." Dkt. No. 4 at 1. A week later, a deputy clerk sent the plaintiff another letter instructing him to file a certified copy of his institutional trust account statement for the past six months, or through the date that he was released from custody. Dkt. No. 6. The next day, the court received a letter from the plaintiff stating the following:

> Need protection of habeas corpus to prevent po holds by defendant Dorian A. Higgins over judges' and Magistrates' summons and

1

> orders. As this prevents me with the orders made by District 7 United States Court of Appeals in Chicago. Officer M. Johnston advised that I must be in custody for the unavailible form. Attaching citys' attorneys request for impartial "findings of facts." Per to Wis. § 19.37(1) the facts I won't have the same as the defendants while acting in color of law in discretion of warrents/po hold to halt judges'/Magistrates' scheduling of criminal and civil cases. Need access to PACER via federal courthouse.

Dkt. No. 7.

On September 27, 2022, the court issued an order explaining that because the plaintiff was incarcerated at the Milwaukee County Jail when he filed his complaint and because he had filed a motion for leave to proceed without prepaying the filing fee, the law requires him to file a certified copy of his trust account statement from the institution in which he was confined for the six months preceding the filing of this case (February 2022 through July 2022). Dkt. No. 13 at 2. The court stated that if staff at the Milwaukee County Jail refused to give the plaintiff a copy of his trust account statement, he must give the court proof of this fact—a letter or other written statement. Id. at 1. The court gave the plaintiff more time to file a complete trust account statement and ordered that by the end of the day on October 28, 2022, the plaintiff must submit a certified copy of his trust account statement, or proof demonstrating that he could not submit it. Id. at 4. The court ordered that if the plaintiff failed to file either his trust account statement or proof that he could not obtain the statement, it would dismiss the case without prejudice without further notice or hearing. Id.

The October 28, 2022 deadline has passed and the court has not received the plaintiff's trust account statement or proof that he cannot obtain it. As the court said it would do in its September 27, 2022 order, the court will dismiss the case without prejudice.

2

The law requires any incarcerated person who files a civil lawsuit to pay the statutory filing fee. 28 U.S.C. §1915(b)(1). The court will collect the $350 statutory filing fee.

The plaintiff has filed a motion to consolidate this case and two other cases he filed in this district: <u>Troupe v. Fenderson</u>, Case No. 19-cv-1318-pp (E.D. Wis.) and <u>Troupe v. Martinez</u>, Case No. 21-cv-1176-pp.[1] Dkt. No. 11. Because the court is dismissing this case, it will deny the motion to consolidate as moot.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for the plaintiff's failure to comply with the court's order and file a certified copy of his trust account statement. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion to consolidate cases. Dkt. No. 11.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$350** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Milwaukee County Sheriff and the Milwaukee County House of Correction.

---

[1] The court dismissed Case No. 21-cv-1176-PP on April 25, 2022.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

In limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 4th day of November, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**