ANTHONY L. TROUPE,

                Plaintiff,

v.

CAVALIER JOHNSON
and DORIAN A HIGGINS,

                Defendants.

Case No. 22-cv-853-pp
Appeal No. 22-3215

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL (DKT. NO. 27) AND DECLINING TO RULE ON PLAINTIFF'S MOTION TO AMEND ORDER BY ASSIGNED JUDGE (DKT. NO. 39)**

      On November 4, 2022, the court dismissed this case without prejudice because the plaintiff did not provide the court with a certified copy of his six-month trust account statement or proof that he could not obtain it.[1] Dkt. No. 17. The plaintiff has filed a notice of appeal and a motion for leave to appeal without prepaying the filing fee.[2] Dkt. Nos. 23, 27.

      On February 2, 2023, the clerk's office informed the plaintiff that within twenty-one days (that is, by February 23, 2023), he must submit his institutional trust account statement for the six-month period preceding the filing of his appeal. Dkt. No. 31. On March 3, 2023, when the court had not received the trust account statement, the court issued an order reminding the

---

[1] At the time he filed the complaint, the plaintiff was confined at the Milwaukee County Jail.

[2] When he filed his notice of appeal, the plaintiff was confined at the Milwaukee County Community Reintegration Center (formerly the Milwaukee County House of Correction).

1

plaintiff that he must provide the court with his trust account statement for the six-month period prior to his December 9, 2022 notice of appeal date. Dkt. No. 34 at 3-4 n.1. On March 21, 2023, the court issued an order giving the plaintiff a final opportunity to file a six-month trust account statement (or statements) covering the months between June and December 2022. Dkt. No. 36 at 3. The court ordered that if the plaintiff did not provide the court with a certified copy of his trust account statement(s), or proof demonstrating that he could not provide the statement(s), by April 14, 2023, it would deny his motion for leave to appeal without prepaying the filing fee. Dkt. No. 36 at 3-4.

On March 30, 2023, the plaintiff filed a letter titled "Proof of Indigency" in which he stated that a six-month prisoner trust account statement was "not available at; Milwaukee County jail Milwaukee County Community Reintegration Center (formerly House of correction), nor Racine County Jail . . . ." Dkt. No. 37. He stated that he would "enter Racine County Jail's Inmate Balance History Report after it will be notarized by staff[,]" which "includes charge of meds without consent (4/2/18 @ 2:35:49 pm) and outside medical referral (5/23/18 @ 12:56:56 pm) as mentioned on case 'Troupe v. Fenderson #19cv1318 for use of ketamine." Id. One week after the plaintiff filed this Proof of Indigency letter, he filed a notarized one-page "Inmate Balance History Report – Simple" that appears to be from the Racine County Jail and that shows six transactions from 2018, one from 2019, twelve from 2020, fifteen from 2021 and one from 2023. Dkt. No. 38. The report shows a negative balance for all transaction entries. Id.

Because the plaintiff was incarcerated when he filed his notice of appeal and because he has filed a petition for leave to appeal without prepaying the filing fee, the law requires him to provide the court with a certified copy of his

2

trust account statement from the institution or institutions in which he was confined for the six months preceding the filing of his appeal. See 28 U.S.C. §1915(a)(2) ("A prisoner seeking to . . . appeal a judgment . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the . . . notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.").

The Inmate Balance History Report the plaintiff submitted covering dates in 2018, 2019, 2020, 2021 and 2023 does not comply with the statutory requirement that he submit a copy of his trust account statement for the six-month period preceding the filing of his notice of appeal (June 2022 to December 2022). In addition, while the plaintiff says that a "6-month prisoner trust account statement is not available at Milwaukee County Jail, Milwaukee County Reintegration (formerly House of Corrections), nor Racine County Jail," he has not complied with the court's order that he provide proof that he cannot obtain the statements from the institution or institutions at which he was confined during that six-month period. The plaintiff *has* shown, however, that that he was indigent when he filed his notice of appeal and that he has a negative account balance at his current institution (Racine County Jail). Dkt. Nos. 27, 37-1. The court has no reason to believe that the plaintiff was not indigent when he filed his notice appeal or that he is not currently indigent. Under the circumstances, the court will not deny the plaintiff's motion for leave to appeal without prepaying the appeal fee based on his failure to submit trust account statement(s) for the six-month period immediately preceding the filing of his notice of appeal.

There are three grounds for denying an incarcerated appellant's request to proceed *in forma pauperis*: the prisoner has not established indigence, the appeal is in bad faith, or he has accumulated three "strikes." See 28 U.S.C. §§1915(a)(2)-(3), (g). The court finds that the plaintiff has established that he is indigent and that he has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith. A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

As stated, the court dismissed this case without prejudice based on the plaintiff's failure to comply with the court's order to provide the court with a certified copy of his six-month trust account statement or proof that he could not obtain it. Dkt. No. 17. The plaintiff's notice of appeal is a copy of the court's judgment dismissing this case with the words "Notice of Appeal" written across the top. Dkt. No. 23. The court assumes that the plaintiff contests the court's reasoning for dismissing his case without prejudice. The plaintiff, however, has not offered in any of his submissions to the court any *bona fide* arguments supporting his appeal. The court will deny his petition to appeal without prepaying the filing fee. **(Because the court dismissed the plaintiff's case**

4

**without prejudice, he remains free to refile his case, subject to the applicable statute of limitations.)**

The plaintiff incurred the filing fee by filing the notice of appeal. Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997), *rev'd on other grounds by*, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). The fact that this court is denying the request to proceed without prepaying the filing fee on appeal means that the full filing fee of $505 is due within fourteen days of this order. Id.; Seventh Circuit Rule 3(b). The plaintiff's failure to pay the filing fee in full within the time limit may result in the court of appeals dismissing the appeal. Newlin, 123 F.3d at 434.

Finally, the plaintiff has filed a document titled Motion to Amend Order by Assigned Judge (presumably the undersigned). Dkt. No. 39. The document contains the case number for this case and another of the plaintiff's cases (22-cv-246) which was assigned to Judge Brett Ludwig. Id. The court cannot determine from the filing what relief the plaintiff seeks; it is possible that the pleading relates to his state criminal cases, which he references in the pleading. Id. Regardless, this court lacks jurisdiction to decide the motion because the case now is on appeal. The court declines to rule on the plaintiff's motion. The plaintiff must file all future motions regarding his appeal of this case with the Court of Appeals for the Seventh Circuit.

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee on appeal because the court certifies that such appeal has been taken in bad faith. Dkt. No. 27.

The court **DECLINES TO RULE** on the plaintiff's motion to amend order by assigned judge. Dkt. No. 39.

5

Case 2:22-cv-00853-PP   Filed 06/11/23   Page 5 of 6   Document 41

The court **ORDERS** that by the end of the day on **June 30, 2023**, the plaintiff must forward to the clerk of court for the District Court for the Eastern District of Wisconsin the sum of **$505** as the full filing fee in this appeal. The plaintiff's failure to comply with this order may result in dismissal of this appeal. The plaintiff must clearly identify the payment by the case name and number assigned to this case.

The court **ORDERS** that a copy of this order be electronically provided to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated in Milwaukee, Wisconsin this 11th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

6

Case 2:22-cv-00853-PP   Filed 06/11/23   Page 6 of 6   Document 41